IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| **v.** | § § § | **CRIMINAL NO. 4:02-CR-88-ALM-KPJ-6** |
| **ROOSEVELT TERENCE JEROME RAYFORD (6)** | § § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to the Court for a report and recommendation, it conducted hearings on December 6, 2023, and January 3, 2024, to determine whether Defendant violated the terms of his supervised release. At the first hearing, Defendant was represented by Assistant Public Defender Brian O'Shea, and the Government was represented by Assistant United States Attorney Wes Wynne. For the reasons stated on the record, the Court took the matter under advisement and conducted a second hearing. At the second hearing, Defendant was represented by Assistant Public Defender Brian O'Shea, and the Government was represented by Assistant United States Attorney Glenn Roque-Jackson.

On July 1, 2003, United States District Judge Paul N. Brown sentenced Defendant to a term of three hundred and twenty-six (326) months imprisonment followed by five (5) years of supervised release. Dkt. 747 at 1. On April 29, 2004, Defendant's term of imprisonment was amended to three hundred (300) months. *Id.* On November 22, 2016, a Petition for Clemency was granted, and Defendant's term of imprisonment was reduced to one hundred and eighty-eight (188) months. *Id.* On December 12, 2019, Defendant completed his term of imprisonment and began serving his term of supervised release. *See id.*

On October 3, 2023, the Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 747), alleging Defendant violated five conditions of his supervised release. *Id.* at 1–3. The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not unlawfully possess a controlled substance; (3) Defendant shall refrain from any unlawful use of a controlled substance; (4) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the Probation Office, until such time as Defendant is released from the program by the Probation Officer; and (5) Defendant shall not associate with any persons engaged in criminal activity or convicted of a felony unless granted permission to do so by the Probation Officer. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1)–(2) On August 8, 2023, Defendant was arrested by members of the Dallas Police Department after being found in possession of marijuana. According to the arrest report, an officer conducting surveillance observed Defendant walk towards a residence and leave about five minutes later. He was subsequently stopped for a traffic violation. Due to the strong odor of marijuana, Defendant was asked to exit his vehicle for a probable cause search. Located in Defendant's front pants pocket was a zip-lock bag containing cocaine. A plastic rolling tray laying in the backseat of his vehicle contained a white powdery substance and a Cash App credit card with white residue. The card was registered in Defendant's name and appeared to be used to create lines with the white substance. He admitted purchasing .2 grams of cocaine. In total, he was found in possession of .6 grams of cocaine.

Defendant was arrested and charged with Possession of a Controlled Substance, Penalty Group 1, less than 1 Gram, a State Jail Felony. He posted a $12,000 bond, and the charge is still pending.

Additionally, on September 5, 2023, members of the Dallas Police Department initiated a traffic stop on Defendant, who was driving a car with an expired registration. He advised officers of prior drug charges, denied possessing drugs, and consented to a search of his vehicle. Officers observed cocaine residue and a straw on the center console of Defendant's vehicle. Continuing with the search, an officer lifted the ashtray and observed two baggies containing cocaine.

Defendant was arrested for Possession of a Controlled Substance, Penalty Group 1, less than 1 Gram. He posted a $7,500 bond, and the case is still pending.

(3) On January 3, 2023, Defendant submitted a urine specimen at Hope Opening People's Eyes in Arlington, Texas, as part of his participation in a drug testing program. The specimen tested positive for cocaine. On January 11, 2023, Defendant admitted verbally and in writing that he took a blue pill he believed to be Viagra but was instead cocaine. Defendant disclosed that he took the pill twice a week for two to three weeks, ending on January 2, 2023.

On February 21, 2023, Defendant appeared at Homeward Bound, Incorporated ("HBI") in Dallas, Texas, and submitted a urine sample for drug testing. The sample tested positive for cocaine. A laboratory report from Alere Toxicology confirmed the positive test results.

On March 1, 2023, Defendant submitted a urine specimen at HBI that tested positive for cocaine. He denied using cocaine and said he smoked one of his mother's cigarettes that she laced with cocaine. A laboratory report from Alere Toxicology confirmed the positive test results.

On August 11, 2023, Defendant appeared at the Probation Office in Dallas, Texas, and submitted a urine sample that tested positive for cocaine and marijuana. He admitted verbally and in writing to using marijuana on August 7, 2023, and cocaine on August 8, 2023.

(4) On February 7, 2023, April 5, 2023, June 6, 2023, and September 12, 2023, Defendant failed to report for drug testing at HBI.

(5) Subsequent to his arrest on August 8, 2023, officers observed Defendant was dressed in blue clothing, including his hat, shirt, and pants, consistent with clothing worn by members of the Rolling 60's Crips. He also had a "6" and "0" on his left and right triceps, as well as the words "West Side." Defendant disclosed he was a member of the Rolling 60's Crips and associated with another member of the gang, who lived in close proximity to where he was arrested.

On December 6, 2023, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for December 6, 2023. For the reasons stated on the record, the Court took the matter under advisement and conducted a second hearing on January 3, 2024. *See* Minute Entry for January 3, 2024. At the second hearing, Defendant entered a plea of true to allegations three and four, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt. 760. The Government

3

moved to withdraw allegations one, two, and five, which the Court granted. *See* Minute Entry for January 3, 2024. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

### **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the January 3, 2023 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with twelve (12) months of supervised release to follow. The Court further recommends that for the first six (6) months of supervised release, Defendant should be restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by Pretrial Services or the Probation Officer. The Court further recommends that the second six (6) months of supervised release should be served under the previous conditions of supervised release.

**So ORDERED and SIGNED this 4th day of January, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

4